**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br>V.<br><br>DARYL KATZ, ANTHONY PELLICANO and ROBERT KLIEGER<br><br>DEFENDANTS. | Case No: 8:24-cv-01730-JVS-DFM<br><br>PLAINTIFFS' STATEMENT REGARDING TENTATIVE RULING AND SUBMISSION ON THE RECORD |

Plaintiffs Mitchell Taylor Button and Dusty Button respectfully submit this Statement in response to the Court's October 17th, 2025 Tentative Order granting Defendant Katz's Motion to Dismiss and denying Defendant's Special Motion to Strike. Plaintiffs do not agree with the Tentative and hereby submit the matter on the record for purposes of appeal.

I. Plaintiffs Disagree with and Do Not Accept the Tentative

Plaintiffs strongly disagree with the Court's Tentative Order. The Tentative relies on broad generalizations and disregards multiple dispositive issues that were fully presented in Plaintiffs' Opposition (Dkt. 158). The Court's conclusion that the Second Amended Complaint ("SAC") violates Rule 8 and fails to state any claim ignores the factual and evidentiary record, misapplies governing standards under Rules 8, 9(b), and 12(b)(6), and contradicts this Court's earlier finding that amendment would not be futile.

As explained in Plaintiffs' Opposition, the SAC contains detailed factual allegations and organized causes of action supported by specific documents, communications, and corroborating evidence. The pleading identifies each defendant's individual conduct and the

corresponding claims with particularity. The Court's Tentative, however, dismisses the SAC as "too complex" without acknowledging that the same complexity arises from Defendants' own coordinated misconduct and concealment, which required factual detail to comply with Rule 9(b) and avoid dismissal for lack of specificity.

II. Specific Record Items the Tentative Ignores or Mischaracterizes

Tolling Agreement (August 8, 2022) – Plaintiffs and Defendant Katz executed a Tolling Agreement that **expressly tolled** "any and all claims and causes of action arising out of or relating to the Dispute" until resolution of the Nevada proceeding. The Tentative fails to analyze or even acknowledge this controlling document, which independently defeats any statute-of-limitations defense. Plaintiffs' Opposition discusses this agreement extensively (Opp'n § II(b)) and attaches relevant correspondence.

Documentary Corroboration of Threats and Coordination– Plaintiffs presented corroborating evidence and third-party testimony (including Exhibit F, the video statement of attorney Marc Randazza, and additional documentary evidence) demonstrating coordinated efforts by Katz and Pellicano to threaten, silence, or obstruct Plaintiffs' claims. These

allegations fall squarely within the Flatley v. Mauro exception to Anti-SLAPP protection and establish plausible causes of action for interference, intimidation, and intentional infliction of emotional distress. The Tentative disregards these exhibits and fails to apply controlling Ninth Circuit and California Supreme Court authority on unprotected extortionate conduct.

Service and Waiver of Service – Plaintiffs transmitted a waiver of service to Katz's counsel, who confirmed representation on July 10, 2025, and returned a signed waiver on September 10, 2025—shortly before filing the Motion to Dismiss. The Opposition argued waiver, estoppel, and inequitable conduct under Rule 4(d) and controlling Ninth Circuit authority. The Tentative's reference to service irregularities ignores this established record, which precludes dismissal on technical grounds.

Futility and Leave to Amend – The Court's Tentative contradicts its earlier determination that amendment would not be futile. Plaintiffs have alleged new and material facts since the prior ruling, supported by evidence unavailable at the time of the last amendment. Denying leave to amend now, without addressing these specific

developments, constitutes reversible error under Foman v. Davis, 371 U.S. 178 (1962), and its progeny.

III. Oral Argument Would be Redundant and Unnecessary

Plaintiffs have already presented every material fact and legal argument through their filings. The Tentative demonstrates that the Court has reached its conclusion without engaging with the evidence and law cited in the Opposition. Repeating those points orally would not change the outcome. Plaintiffs therefore submit that appearing for oral argument would serve no functional purpose and would merely restate what is already before the Court.

Further, Plaintiffs have previously participated in oral arguments before this Court, and those hearings did not materially alter the Court's rulings despite Plaintiffs presenting additional clarifications at the time. The Court's statements and this Tentative show that the outcome is predetermined regardless of further oral submissions.

IV. Preservation of Objections and Appellate Issues

To ensure a complete appellate record, Plaintiffs preserve and incorporate all arguments, authorities, and evidentiary references contained

in their Opposition (Dkt. 158) and related filings. Specifically, Plaintiffs preserve the following issues for review:

1. The Court's misapplication of Rules 8 and 12(b)(6) and failure to apply the liberal pleading standard for pro se litigants.
2. The inconsistent and unsupported denial of leave to amend as "futile," in contradiction of prior orders.
3. The Court's failure to address the August 8, 2022 Tolling Agreement.
4. The disregard of documentary and testimonial evidence corroborating threats and extortionate conduct that remove Katz's conduct from Anti-SLAPP protection.
5. The failure to evaluate Plaintiffs' equitable estoppel and waiver-of-service arguments.
6. The Court's dismissal of the complaint rendered Defendant Katz's Anti-SLAPP motion 'moot,' thereby avoiding the merits of Plaintiffs' arguments under *Flatley v. Mauro* and *Metabolife Int'l, Inc. v. Wornick*, which demonstrate that Katz's conduct is unprotected as a matter of law.

7. The lack of any reasoned explanation for why specific claims could not proceed to discovery.

V. Plaintiffs' Position and Request for Record Clarity

Plaintiffs submit this filing not to repeat prior arguments but to ensure the record accurately reflects their position for appeal. Plaintiffs object to the Tentative Order in full, do not consent to dismissal, and do not waive any right to appeal or seek appellate intervention through writ or notice of appeal. Plaintiffs respectfully request that this Statement be entered on the docket in lieu of appearance to make clear that their nonappearance does not indicate agreement with the Tentative but rather reflects their position that oral argument would be redundant given the Court's predetermined position and prior rulings against the Plaintiffs.

VI. Relief Requested

Plaintiffs respectfully request that the Court: (1) accept this Statement for filing on the docket; (2) enter any final order promptly so Plaintiffs may pursue appellate review; and (3) note in the record that Plaintiffs' nonappearance is a deliberate submission on the written record, not acquiescence.

Respectfully dated this 19th day of October,

______________________________

Dusty Button and Mitchell Taylor Button (*Pro se*)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed through the District Court of Central California's electronic filing system on October 19th, 2025.

Dated this 19th day of October, 2025,

/s/________________________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/________________________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se)*