**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | October 20, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant Daryl Katz's Motion to Dismiss and Special Motion to Strike [150]**

Before the Court are two motions. First, Defendant Daryl Katz ("Katz") moves to dismiss the Second Amended Complaint ("SAC") of Plaintiffs Dusty Button and Mitchell Taylor Button (collectively, "the Buttons"). (Mot., Dkt. No. 150.) Second, Katz asks the Court to strike the Buttons' claims against him. (Id.) The Buttons oppose both motions. (Opp'n, Dkt. No. 158.) Katz filed a reply. (Reply, Dkt. No. 161.) In lieu of an appearance via hearing, the Buttons filed a "Statement Regarding Tentative Ruling and Submission on the Record." (Dkt. No. 167.)

For the following reasons, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Special Motion to Strike.

## I. Background

The parties are familiar with the facts of this case, so the Court recites here only the facts necessary to resolve these motions.

The Buttons have been accused of numerous instances of sexual misconduct both in the press and in federal court. (See, e.g., Opp'n, Ex. M.) One of these accusers was ballet dancer Sage Humphries. (SAC ¶ 19.) According to the Buttons, it was actually Daryl Katz—an international businessman who owns the National Hockey League's Edmonton Oilers—who engaged in a sexual relationship with Humphries. (SAC ¶ 19.) Based on this belief, the Buttons filed a complaint against Daryl Katz, among others, in July 2022 in the United States District Court for the District of Nevada. (SAC ¶ 21.)

Buttons eventually dismissed their claim against Katz voluntarily, a decision they claim was because Katz's attorney "threatened, harassed, and intimidated" them. (SAC ¶ 22.) A non-exhaustive list of the alleged wrongdoing by Katz and his attorney includes: "stalking" the plaintiffs, making "false statements to the media," "obstruct[ing] the Plaintiffs' litigation in Nevada," making false statements to various courts, and bribing the Humphries family to conceal an illicit sexual relationship. (SAC ¶¶ 34, 300, 327, 344.)

On April 23, 2025, the Buttons filed their Second Amended Complaint detailing these allegations against Katz and other defendants. (Dkt. No. 67.) The SAC seeks to hold Katz liable under the following causes of action: (1) the Tom Bane Civil Rights Act, (2) fraud, (3) interference with legal proceedings, (4) civil conspiracy, and (5) intentional infliction of emotional distress. (SAC at 91, 104, 114, 131, 136.) In July, the Buttons sought leave to file a Third Amended Complaint, which the Court denied. (Dkt. No. 138.) Thus, the SAC remains the operative complaint for this Motion.

On September 10, 2025, Katz waived service of process, making him a party to this action. (Dkt. No. 143.) Six days later, Katz filed the present Motion to Dismiss and Special Motion to Strike. (Mot.) On September 30, the Court granted the Buttons' request for an additional week to file their opposition, which they timely filed. (Dkt. No. 157; Opp'n.)

On October 17, 2025, the Court posted its tentative ruling on this matter. Before the scheduled October 20 hearing, both parties submitted on the tentative order. However, on October 19, the Buttons filed an additional statement. (Dkt. No. 167.) The Court has reviewed this statement in full and taken it into consideration when issuing this Order. The Buttons filed this statement to clarify that they "do not agree with the Tentative [Order]" and to "ensure the record accurately reflects their position for appeal." (Id. at 2, 7.) As the Buttons request, the Court "note[s] in the record that Plaintiffs' nonappearance is a deliberate submission to the written record, not acquiescence." (Id. at 7.)

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | October 20, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

## II. Legal Standards

*A. Rule 8, Pleading Requirements*

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (emphasis supplied) (internal quotations and citations omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."[1] Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso, 637 F.3d at 1058, 1059 (citation and internal quotation marks omitted) ("[W]e have never held—and we know of no authority supporting the

---

[1] The Ninth Circuit has provided specific policy reasons for dismissing complaints that are too lengthy:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges . . . . Defendants are . . . put at risk that. . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting McHenry v. Renne, 84 F.3d 1172, 1179–80 (9th Cir. 1996)).

proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise."); see also McHenry, 84 F.3d at 1177 (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A court may dismiss a complaint even if "a few possible claims" can be identified and the complaint is not "wholly without merit." McHenry, 84 F.3d at 1179 (stating that Rule 8's requirements apply "to good claims as well as bad"); see also Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130–31 (9th Cir. 2008).

Nevertheless, a court may not dismiss a complaint for violating Rule 8 simply because it is verbose or lengthy. See Hearns, 530 F.3d at 1131–32. For instance, an inartfully drafted complaint can satisfy Rule 8 if it is logically organized, clearly delineates each of the specific claims, and the defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Id. at 1132. Therefore, dismissal pursuant to Rule 8 is generally appropriate only when a lengthy complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." Id. at 1131.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

*B. Rule 12(b)(6), Dismissal for Failure to State a Claim*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Most succinctly stated, a pleading must set forth allegations that have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Courts also "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "In keeping with these principles[,] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

## III. Discussion

### *A. Katz's Motion to Dismiss*

#### 1. Rule 8

The Court has already dismissed the SAC with prejudice with respect to Humphries, Meyer, Stolrow, Klieger, and Pellicano. (Dkt. Nos. 94, 138, 148.) The SAC no more complies with Rule 8 with respect to its claims against Katz than its claims against the other Defendants.

The SAC is 160 pages long, consisting of more than 800 paragraphs, albeit 70 pages shorter than the First Amended Complaint. (See generally SAC.) The first 90 pages are dedicated to the background of the instant action. The length of this SAC

alone does not warrant dismissal in violation of Rule 8(a), and the variety of accusations may warrant a detailed complaint. See Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131–32 (9th Cir. 2008). However, the complexity of the case does not warrant repeating grievances or bringing wholly unsupported causes of action.

As one example, the Buttons cite causes of action for "Interference with Legal Proceedings" and "Civil Conspiracy." (SAC at 114, 131.) The Buttons brought these causes of action in their First Amended Complaint ("FAC") as well. (FAC at 118, 220.) Since that complaint, the Buttons have been informed on numerous occasions by both this Court and opposing parties that neither of these claims create a private right of action in California, and are thus untenable. (Dkt. No. 94 at 4; Dkt. No. 138 at 5; Dkt. No. 148 at 5; Mot. at 12.) Nevertheless, the Buttons press on, continuing to bring these causes of action, and yet again arguing in their Opposition that the Court should allow these claims to proceed.[2] (Opp'n t 24–26.)

The Court takes seriously the requirement that pro se complaints be held to "less stringent standards than formal pleadings drafted by lawyers." Woods, 525 F.3d at 889–90. Unfortunately, the Buttons' have repeatedly failed to heed the Federal Rules of Civil Procedure, the Local Rules, and the advice of the Court and opposing parties regarding these rules. Even under a less stringent standard, this is unavoidably a complaint that lacks even the "basic pleading requirements" that an unrepresented party must meet. Hayhurst, 227 F.3d at 1107–08.

2. Rule 12(b)(6)

Even if the Court were to look past the SAC's noncompliance with Rule 8, a cursory look at the SAC reveals that it does not meet the pleading standard under Rule 12(b)(6) for any of the five causes of action. In the Court's previous order granting leave

[2] The Buttons' Opposition brief also fails to comply with court rules. Under Local Rule 11-6.1, "no memorandum of points and authorities . . . may exceed 7,000 words . . . ." L.R. 11-6.1. To show compliance with this rule, parties are also required to attach a "Certificate of Compliance" pursuant to Local Rule 11-6.2. L.R. 11-6.2. The Buttons' Opposition brief does not have this certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01730-JVS-DFM | Date | October 20, 2025 |
|---|---|---|---|
| Title | Dusty Button et al v. Micah Humphries et al | | |

to amend, the Court noted that the Buttons must "allege all elements of [a claim]." (Dkt. No. 65 at 4.) However, the Buttons are no closer to achieving this in their SAC than the FAC.

For example, California's Bane Act requires a plaintiff to show specific intent to interfere "by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1; see Reese v. County of Sacramento, 888 F.3d 1030, 1044–45 (9th Cir. 2018). However, the Buttons simply repeat that Katz "threatened the Plaintiffs to drop the claims against him" and "scared" them. (See SAC ¶¶ 415–426.) Consequently, they allege that they were "afraid to leave their residence" and "deprived . . . of their due process." (Id. ¶¶ 426–27.) The SAC fails to demonstrate *how* they were threatened with bodily harm and scared into hiding. More importantly, the SAC does not clearly identify which constitutional right Katz interfered with. These broad allegations are no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 556 U.S. at 678. Instead of providing information to meet the elements of the alleged claims, the Buttons supply phrases such as "intentionally and knowingly" or sentences like "allowing the Defendants to [assert the statute of limitation defense] would be unjust." (See, e.g., SAC ¶¶ 427, 446, 463.)

For intentional misrepresentation, the Buttons assert that Katz "falsely misled the Plaintiffs to believe that they would not be able to litigate their claims . . . ." (SAC ¶ 487.) Misrepresentation requires a plaintiff to plead "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." Chapman v. Skype, Inc., 220 Cal. App. 4th 217, 230–31 (2013). Moreover, fraud claims are subject to a heightened pleading standard and must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627); see also Fed. R. Civ. P. 9(b). Here, however, the Buttons do not even provide this Court with the false statements Katz allegedly made. Instead, they explain only how these statements allegedly "misled the court." (See SAC ¶¶ 486–98.)

Lastly, to prove intentional infliction of emotional distress ("IIED"), a plaintiff must show: "(1) extreme and outrageous conduct by the defendant with the intention of

causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1988). Defendants are only liable for IIED when "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Id. The Buttons cannot identify any allegations in the SAC that demonstrate that Katz's conduct meets this standard.

The Court finds ample examples where SAC is prolix and conclusory. Throughout the SAC, the Buttons make broad allegations that all named defendants in the instant lawsuit conspired "to commit fraud" and "defame them" at every instance without providing a "short and plain" statement of the exact nature of the fraudulent act entitling the Buttons to relief. (See, e.g., SAC ¶¶ 193, 227, 243, 342, 665); Fed. R. Civ. P. 8(a). The SAC is reminiscent of Cafasso, in which the Ninth Circuit affirmed the district court's denial of a motion to amend on the grounds that the complaint would burden the court and the opposing party "with the onerous task of combing through a 733-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." 637 F.3d at 1059. Similar to Cafasso, the Buttons put the burden on the Court and opposing parties to sift through the first 90 pages to find the facts necessary to support each element of a claim.

Accordingly, the Court dismisses the SAC under Rule 12(b)(6).

*B. Katz's Special Motion to Strike*

Because the Court dismisses the SAC against Katz in its entirety, it need not grant Katz's Special Motion to Strike. The Court denies this motion without prejudice.

*C. Leave to Amend*

Given that the Buttons have had three opportunities to plead and two opportunities to substantively cure their deficiencies, the Court dismisses the SAC against Katz with prejudice. Likewise, the Court denies leave to amend on the grounds that the amended complaint would also be subject to dismissal.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | October 20, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Special Motion to Strike.

**IT IS SO ORDERED.**

Both parties submitted on the Court's tentative ruling. Accordingly, the Court **VACATES** the October 20, 2025, hearing.